

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JPL:JKW/TBM
F. #2017R00217

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 31, 2025

By ECF

The Honorable Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: United States v. Asante Kwaku Berko
            Criminal Docket No. 20-328 (DG)

Dear Judge Gujarati:

      The government respectfully submits this letter in brief response to the defendant's October 31, 2025, letter ("Defendant's Letter" or "Ltr."), opposing the government's October 30, 2025, motion ("Motion" or "Mot."), to correct two inaccuracies in the Defendant's Letter. See ECF Nos. 48-49.

      First, the defendant argues that he has no discovery obligations under Federal Rule of Criminal Procedure ("Rule") 26.2 because, by its terms, it does not apply to evidentiary hearings. See Ltr. 2-3. In so doing, he ignores the agreement reached by the parties, upon which the Court premised its October 15, 2025, Order (the "Order"). The defendant acknowledges that on October 15, 2025, the Court ordered the parties to exchange, among other things, "3500 material." Ltr. at 1. And he acknowledges that he "interpreted the Court's reference to 3500 to include the production of similar statements by defense witnesses," notwithstanding that 18 U.S.C. § 3500 by its terms does not apply to defendants. Id. at 1 n.1. Accordingly, whether Rule 26.2 or § 3500 would apply to him absent his consent are irrelevant. What matters is that he consented to the deadline, and that deadline was imposed. See id. at 3 (citing United States v. Hernandez, 11-CR-6161 (W.D.N.Y. Oct. 4, 2011), ECF No. 29 for the proposition that a court can order "voluntary premotion discovery on consent of the parties").[1]

---

[1]     The government likewise had no obligation under § 3500 to furnish its witness's statements in advance of testimony in an upcoming evidentiary hearing, but it nonetheless did so in good faith pursuant to the parties' agreement and the Court's Order. See 18 U.S.C. § 3500(a)

Confusingly, the defendant has taken inconsistent positions with the Court and the government concerning what he deems to be the applicable statute or rule under which he has consented to produce witness statements. On October 29, 2025, the date of the Court-imposed deadline for the production of hearing-related material, the defendant furnished just one page of notes for one witness, and nothing for the other. When the government asked, "Please advise when we will receive 3500 for these witnesses," counsel replied, "I assume you mean to refer to Rule 26.2." However, in Defendant's Letter of today, the defendant claims he interpreted the Court's Order for the reciprocal exchange of "3500 to include the production of similar statements by defense witnesses," Ltr. at 1 n.1, seemingly interpreting his consented-to obligation as falling under § 3500, and quibbles with the government's request for enforcement of Rule 26.2. Because Rule 26.2(a)'s "definition of 'statements' essentially track those of the Jencks Act," it is irrelevant whether the defendant operates under § 3500 or Rule 26.2. United States v. Snyder, 740 F. App'x 727, 729 (2d Cir. 2018) (alterations, citations, quotation marks omitted). What matters is that the defendant agreed to the exchange of reciprocal "3500," which the Court ordered, and does not appear to have complied. To date, the defendant refuses to confirm that he has produced "witness statements" presently in existence and within the defendant and defense team's possession, but rather invokes his right to "supplement" as necessary. See Ltr. at 2. Because he cannot unilaterally modify a Court-imposed deadline, the government respectfully request that the Court grant the Motion.

Second, the Department of Justice's Touhy regulations apply, by their plain terms, to both current and former employees. See 28 C.F.R. § 16.21(a) (defining the purpose and scope as being to protect against the disclosure of certain material "acquired by any person while such person was an employee of the Department" irrespective of their current employment); 28 C.F.R. § 16.24(c) ("The responsible official . . . may authorize the appearance and testimony of a present or former employee" if certain conditions are satisfied, including the requirements of § 16.26 (emphasis added)); see also Outlaw v. City of New York, No. 22-CV-9288 (PAE), 2024 WL 4825955, at *1 (S.D.N.Y. Nov. 19, 2024) (noting "[t]he DOJ has promulgated Touhy regulations which, in relevant part, prohibit a current or former employee . . . from disclosing official information in federal and state proceedings" unless certain conditions are met); United States v. Chang, No. 18-CR-681 (NGG) (E.D.N.Y.), Dkt. No. 663 at 4-5 (confirming that Touhy applies to former federal employees); Justice Manual § 1-6.111 ("Also included in the definition are former Department employees[.]"). Indeed, the purpose of the Department's Touhy regulations—to protect sensitive law enforcement information against unauthorized disclosure—would be obviated if the protections ceased to exist the moment an agent who had acquired that information left the Department. The government is unaware of any case invalidating the Department's Touhy regulations as exceeding statutory authority for their applicability to "former" employees, nor has the defendant cited any. Thus, the court should reject the nonprecedential decision of Koopmann v. United States Department of Transportation, 335 F. Supp. 3d 556, 558 (S.D.N.Y. 2018), concerning the Department of Transportation's Touhy regulations, codified at 49 C.F.R. Part 9.

---

(precluding such statements from being the subject of discovery "until said witness has testified on direct examination in the trial of the case").

Accordingly, for the reasons discussed herein and in the Motion, the government respectfully requests that the Court grant the Motion and order the defendant to comply with his obligations to produce witness statements and to proffer the admissible testimony he seeks to elicit from Mr. Thompson so it can be evaluated under Touhy.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/
Jessica Weigel
Tara McGrath
Assistant U.S. Attorneys
(718) 254-6454

LORINDA I. LARYEA
Acting Chief, Fraud Section, Criminal Division
U.S. Department of Justice

By: /s/
Katherine Nielsen
Trial Attorney
Katherine Raut
Assistant Chief, FCPA Unit
(202) 616-5672

cc: Clerk of Court (DG) (by ECF)
Counsel of Record (by ECF)